UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
FILED

NOV 21 2006

AT COVINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-106 (WOB)

CHRISTO LASSITER                                          PLAINTIFF

VS.                           <u>ORDER</u>

SHARLENE LASSITER                                         DEFENDANT


This matter is before the court on plaintiff's motion for new trial and for reconsideration (Doc. #68) and motion for hearing (Doc. #70).

Plaintiff argues that defendant's allegations of adultery made in her book *I Have a Testimony* are not protected opinion, as the court previously held, because at trial she testified to a "myriad of additional sources" of information that were not disclosed in her book, namely, a conversation with Professor Robert Lilly; information believed to be possessed by one Erinn Gordon; her review of plaintiff's personnel file; and a rumor conveyed to Professor Donald Kazee.

Plaintiff's motion misses the salient point of the "opinion" analysis. Plaintiff's statement in her book that she believed that her husband had committed adultery is protected opinion under the law set forth in this court's prior Findings of Fact and Conclusions of Law (Doc. #64) because, in the book, defendant set forth facts on which she based her conclusion and, importantly, she

did not allude to or suggest the existence of other facts which were not disclosed. See Restatement of Torts 2d, § 566.

That defendant mentioned at trial other rumors that she had heard that supported her conclusion does not change this analysis because the book did not allude to or reference them. Cf. D. Leibson, *Kentucky Practice*, Vol. 13, Tort Law § 15.2 (1995) and cases therein cited. Yancey v. Hamilton, 786 S.W.2d 854 (Ky. 1989).

Plaintiff also complains that, in the book, defendant failed to state that plaintiff had never acknowledged having had an affair. The court finds this omission immaterial to the opinion analysis.

Further, the court is not persuaded by plaintiff's arguments regarding the basis for the court's ruling regarding the allegations of physical abuse, and it adheres to its ruling on that issue. The resolution of this issue turned largely on the court's assessment of the credibility of the parties.

Finally, the court concludes that no hearing is necessary on the pending motion.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that (1) plaintiff's motion for new trial and reconsideration (Doc. #68) be, and is hereby, **DENIED**; and (2)

2

plaintiff's motion for hearing (Doc. #70) be, and is hereby, **DENIED**.

This 21st day of November, 2006.

*William O. Bertelsman*
**WILLIAM O. BERTELSMAN, JUDGE**

3